IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES SCOTT BOYD,

      Plaintiff,

v.                                           No. 2:25-cv-00964-KRS

UNITED STATES OF AMERICA,
U.S. DEPARTMENT OF THE INTERIOR,
U.S. DEPARTMENT OF JUSTICE,
STATE OF NEW MEXICO,
OFFICE OF THE STATE ENGINEER and
ELEPHANT BUTTE IRRIGATION DISTRICT,

      Defendants.

### ORDER GRANTING MOTION TO FILE ELECTRONICALLY AND DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, who is proceeding *pro se*, seeks permission to file documents electronically via CM/ECF. *See* Motion for Leave to File Electronically (ECF/PACER), Doc. 6, filed October 16, 2025. The Court grants Plaintiff permission to file electronically in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. *See* Doc. 2, filed October 3, 2025 ("Application"). Plaintiff later paid the filing fee. *See* Doc. 7, filed October 16, 2025. The Court denies Plaintiff's Application as moot.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Leave to File Electronically (ECF/PACER), Doc. 6, filed October 16, 2025, is **GRANTED.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 3, 2025, is **DENIED as moot.**

IT IS SO ORDERED this 7th day of November, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE