DECREE.

This cause coming on to be heard upon the motion of the United States by its United States Attorney for the Territory of New Mexico, W. B. Childers, Esq., praying that the decree entered in this cause on the 21st day of May, A. D. 1903, may be modified and amended, and the Court having granted leave for the filing of such petition and ordered that said decree may be modified and amended as prayed for, and it appearing to the Court that a supplemental bill was filed herein, by its leave, on the seventh day of April, A.D. 1903, and that copies of the said supplemental bill were served more than thirty days past upon the attorneys of record of the defendants in said cause, and it further appearing from the certificate of the Clerk of said Court that no demurrer, answer or other pleading has been filed to said supplemental bill by the defendants in said cause, and the Court being fully informed in the premises, the Court does find that the allegations of said supplemental bill are confessed and are ture; and further especially finds that the articles of incorporation and the map, survey of the reservoir of the defendant corporation, the Rio Grande Dam & Irrigation Company, were filed with the Secretary of the Interior prior to the twenty-sixth day of June, A.D. 1897, and were prior to said date approved by the Secretary of the Interior; and it further finds that the said defendants have not completed its said reservoir or said ditch, or any section thereof, within five years after the location of the said reservoir and its said ditch line, or within five years after the approval of the same by the Secretary of the Interior; and the Court further finds that five years since the filing and approval of the said articles of incorporation, proof of organization, maps and surveys of the said reservoir and ditch line of the saiddefendants had long since lapsed prior to the filing of the said supplemental bill and that the defendants had not

further especially finds that the articles of incorporation and the map, survey of the reservoir of the defendant corporation, the Rio Grande Dam and Irrigation Company, were filed with the Secretary of the Interior prior to the twenty-sixth day of June, A.D. 1897, and were prior to said date approved by the Secretary of the Interior; and it further finds that the said defendants have not completed its said reservoir or said ditch, or any section thereof, within five years after the location of the said reservoir and its said ditch line, or within five years after the approval of the same by the Secretary of the Interior; and the Court further finds that five years since the filing and approval of the said articles of incorporation, proof of organization, maps and surveys of the said reservoir and ditch line of the saiddefendants had long since lapsed prior to the filing of the said supplemental bill and that the defendants had not complied with the requirements of the Act of Congress, approved March 3, 1901, under which the same were filed but has failed to construct ~~or complete~~ within the period of five years after the location of the said canal and reservoir any part or section of the same.

("Wherefore, it is" not in record)

ORDERED, ADJUDGED AND DECREED by the Court that the rights of the said defendants, or either of them, to construct and complete, the said reservoir and said ditch, or any part thereof, under and by virtue of the said Act of Congress of March 3, 1901, be and the same are hereby declared to be forfeited.

It is further ordered, adjudged and decreed by the Court by reason of the premises that an injunction be, and the same is hereby granted against the said defendants, enjoining them from constructing or attempting to construct the said reservoir, or any part thereof, and that the same be made perpetual.



It is further ordered, adjudged and decreed by the Court that the

...er especially finds ... MAY 21 1903

...rvey of the reservoir of the defendant corporation, the Rio Grande Dam and Irrigation Company, were filed with the Secretary of the Interior prior to the twenty-sixth day of June, A.D. 1897, and were prior to said date approved by the Secretary of the Interior; and it further finds that the said defendants have not completed its said reservoir or said ditch, or any section thereof, within five years after the location of the said reservoir and its said ditch line, or within five years after the approval of the same by the Secretary of the Interior; and the Court further finds that five years since the filing and approval of the said articles of incorporation, proof of organization, maps and surveys of the said reservoir and ditch line of the saiddefendants had long since lapsed prior to the filing of the said supplemental bill and that the defendants had not complied with the requirements of the Act of Congress, approved March 3, 1901, under which the same were filed but has failed to construct or complete within the period of five years after the location of the said canal and reservoir any part or section of the same.

("Wherefore, it is" not in record)

ORDERED, ADJUDGED AND DECREED by the Court that the rights of the said defendants, or either of them, to construct and complete, the said reservoir and said ditch, or any part thereof, under and by virtue of the said Act of Congress of March 3, 1901, be and the same are hereby declared to be forfeited.

It is further ordered, adjudged and decreed by the Court by reason of the premises that an injunction be, and the same is hereby granted against the said defendants, enjoining them from constructing or attempting to construct the said reservoir, or any part thereof, and that the same be made perpetual.

It is further ordered, adjudged and decreed by the Court that the plaintiff have and recover from the said defendants its costs to be taxed and that execution issue therefor.

A-39

(Signed) Frank W. Parker,
Associate Justice Supreme Court of New Mexico and Judge of the Third Judicial District thereof.

EXH-20-3