## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JAMES SCOTT BOYD,

      Plaintiff,

      v.

UNITED STATES OF AMERICA, *et al.*,

      Defendants.

Case No. 2:25-cv-00964-JB-DLM

**FEDERAL DEFENDANTS'**
**RESPONSE IN OPPOSITION TO**
**MOTION FOR LEAVE TO FILE**
**SURREPLY**

Federal Defendants oppose Boyd's Motion for Leave to File Surreply, Dkt. No. 59 (the "Motion"). The Motion misrepresents both Boyd's own pleadings and Federal Defendants' arguments. Boyd failed to confer, as the local rules require, and has not met the high standard for leave to file a sur-reply. The Court should reject the Motion.

## I. Boyd's Failure to Confer

Boyd did not confer with Federal Defendants prior to filing his Motion, which is independent grounds for summary denial. This Court's local rules require that a movant "must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a).[1] Had Boyd conferred, Federal Defendants would have informed him they oppose, for the reasons stated below. That alone warrants denial. *See*, *e.g., Sec. USA Servs., LLC v. Invariant Corp.*, 2022 WL 3154099, at *2 (D.N.M. Aug. 8, 2022) (noting that a plaintiff "did not seek Defendants' concurrence in its motions, which separately merits denial of the motions.").

---

[1]    This is not Boyd's first failure to confer in this case. He previously failed to confer on his Case Management Motion, Dkt. No. 32; *see* Federal Defendants' Response in Opposition to Plaintiffs' Case-Management Motion, Dkt. No. 33, at 1-2.

**II.   <u>A Sur-Reply Is Unwarranted.</u>**

This District's local rules do not contemplate sur-replies as a matter of course, and instead, require leave of the court. *See* D.N.M.LR-Civ. 7.4(b). While "generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply," *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005), a "motion for leave to file a surreply is disfavored[.]" *Smith v. Dominguez*, 2004 WL 7337810, at *3 (D.N.M. Aug. 20, 2004). A sur-reply is not warranted here, because Boyd has not identified any new material raised in the reply.

In fact, Boyd does not even *allege* that new material was raised in Federal Defendants' reply. Instead, he complains that Federal Defendants' Reply, Dkt. No. 56 (the "Reply") "<u>expands</u> or <u>newly emphasizes</u> arguments," Motion at 1 (emphasis added), and posits that his surreply is "necessary to address those newly emphasized arguments." *Id.* at 2; *see also id.* at 3 (the "Surreply is directed toward those newly emphasized arguments."). A second bite at the apple to respond to elaborations on previously raised arguments is not the standard for a sur-reply, and indeed, if adopted, would effectively flip the rule and allow every non-movant the final word.

Boyd then goes further, and states that his proposed sur-reply is needed to "clarify that Plaintiff's constitutional and jurisdictional allegations were already present throughout the Complaint," *id.* at 2, to "clarif[y] that Plaintiff does not seek appellate review of state-court determinations concerning independently adjudicated water-right claims," *id.*, to "clarify[y] that Plaintiff does not dispute" the LRGA's determination he has no water right, *id.*, and to "to clarify that the prior proceedings relied upon by Defendants did not fully adjudicate the distinct constitutional issues presented here[.]" *Id.* The purpose of a sur-reply is not to allow a non-

movant extra opportunities to 'clarify' their arguments – and certainly should not be allowed here where Boyd continues to raise variations of the same arguments made in his response.

Boyd cites only one case in support of his expansive interpretation of the propriety of sur-replies: *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). *See* Motion at 3. Conceding that sur-replies are disfavored, he argues that *Green* stands for the proposition that "leave is appropriate where a reply brief raises new arguments, materially reframes prior claims, or newly emphasizes legal theories not fully addressed in the original motion." *Id.* Simply put, that is not what *Green* says. Quoted in full, the relevant section of *Green* states:

> We review the District Court's decision for abuse of discretion. *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir.1998). <u>Generally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply</u>. *Id*. If the district court does not rely on the new material in reaching its decision, however, "it does not abuse its discretion by precluding a surreply." *Id*. at 1164–65. <u>"Material," for purposes of this framework, includes both new evidence and new legal arguments.</u> *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n. 13 (10th Cir.2003).

*Green*, 420 F.3d at 1196 (emphasis added). Boyd's version of the rule would drastically expand what the Tenth Circuit laid out. The Tenth Circuit approved of sur-replies only where new evidence or new legal arguments are presented in a reply. This does not extend, as Boyd suggests, to 'material reframing of prior claims' or 'new emphasis of legal theories not fully addressed in the original motion.'[2] Yet, those two categories are what he rests his arguments on. Boyd argues that the sur-reply must be allowed because Federal Defendants' reply "materially alters the procedural and constitutional framing of the case." Motion at 3. Not so, and a review of Boyd's complaints illustrates the flaw in his framing.

---

[2]    Federal Defendants contest that any arguments were materially reframed or not fully addressed in the initial Motion to Dismiss. However, that still would not warrant a sur-reply under the *Green* rule.

Boyd first complains that Federal Defendants are "treating Plaintiff's constitutional clarifications as purportedly new ultra vires claims." *Id.* But Boyd raised an ultra vires theory for the first time in his response. *See, e.g.,* Dkt. No. 55 at 8 ("Accordingly, even if § 1983 does not apply directly against the United States, Plaintiff's constitutional claims remain independently cognizable under Article III jurisdiction and longstanding ultra vires review doctrines."). The phrase ultra vires is found nowhere in Boyd's pleadings until his response. *See generally* Dkt. No. 1. An ultra vires claim is a specific legal concept with exacting legal requirements that he has not plead, not a "clarification" of his existing Fifth and Fourteenth Amendment claims. *See* Reply at 2-4. The Reply was the first opportunity Federal Defendants had to respond to Boyd's new argument; to suggest that Boyd's procedural gamesmanship bars Federal Defendants from responding or entitles him to a sur-reply on any topic he pleases stretches credulity. Nor may Boyd dictate how Federal Defendants respond to his arguments, much as he may disagree.

Next, he argues the Reply "newly emphasiz[es] Rooker-Feldman and appellate-review theories." Motion at 3. Federal Defendants spent approximately ten pages of their Motion to Dismiss on the applicability of the Rooker-Feldman Doctrine to Boyd's claims and re-iterated the same argument in the Reply. *See* Dkt. No. 52 at 13, 16-23; Reply at 1-2. It is fundamentally untrue to call this "newly emphasizing" the argument. Indeed, the only two cases cited in the Reply – *Pueblo of Pojoaque v. Biedscheid*, 689 F. Supp. 3d 1033, 1114 (D.N.M. 2023) and *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) – were both previously cited in the Motion to Dismiss, and Federal Defendants merely reiterated that Boyd seeks improper appellate review of, and asserts claims fundamentally intertwined with, state judgments.

Third, he complains that the Reply "assert[s] that the 1903–1909 federal forfeiture proceedings conclusively establish 'actually litigated' merits determinations[.]" Motion at 3. As

an initial matter, to the extent Boyd argues that *Rio Grande III* was not actually litigated, he is mistaken. His own predecessors litigated it to the U.S. Supreme Court. However, the Motion to Dismiss did not argue that any issue in *Rio Grande III* was actually litigated in the context of the issue preclusion rule, because that standard does not apply to res judicata. *See* Reply at 10-11. It is Boyd, in his Response, who argued – incorrectly – that it does. The Reply merely points out as a hypothetical that while it was not the relevant rule, "even if the test for issue preclusion rather than res judicata actually was applied to these claims, Boyd would fare no better." *Id.* at 13. Again, Boyd raised a new issue and cries foul that Federal Defendants responded in the Reply.

Fourth, he complains that Federal Defendants are "relying upon New Mexico appellate decisions characterizing Plaintiff's claims as water-right claims." Motion at 3. It is fundamentally unclear what Boyd refers to with this point; it appears that Boyd's position is that Federal Defendants cannot rely on cases Boyd disagrees with. However, New Mexico's appellate courts have characterized Boyd's water right claims as water right claims because he filed them as self-described water right claims in a water rights adjudication. *See* Dkt. No. 52 at 37, fn. 20. This topic was briefed extensively in the Motion to Dismiss, and it is not clear what new argument in the Reply Boyd asserts is made as to those decisions. It certainly does not warrant a sur-reply.

Finally, he states that the Reply "expand[s] Defendants' Tucker Act exclusivity arguments." Motion at 3. It does not. It merely reiterates that Boyd cannot meet the Tucker or Little Tucker Acts' strict jurisdictional requirements. But even if it did, elaborating on the exhaustive Tucker Act arguments from the Motion to Dismiss in the Reply to respond to Boyd's arguments in his Response is exactly the purpose of a reply, and would not warrant a sur-reply.

It is clear that Boyd seeks leave to file this sur-reply not because he can point to any new material in the Reply that warrants it, but instead, because he wants yet another bite at the apple with the same arguments he has made *ad nauseum* since he first sued the United States in the Court of Federal Claims nearly forty years ago. As another district court in this Circuit has noted, the presumption against sur-replies is "based on common sense." *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 903 (D. Kan. 2021). The standard briefing rules "assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word," and they prevent briefing from becoming "self perpetuating." *Id.* (internal citations omitted). In the interest of avoiding self-perpetuating briefing, Federal Defendants will not respond here to the numerous inaccuracies in the proposed sur-reply lodged with the Motion. To the extent the Court is inclined to grant the Motion, Federal Defendants respectfully request a brief opportunity to respond. However, because Boyd has neither conferred nor identified any new material, and instead seeks to apply a new, broader test for sur-replies, the Court should reject the Motion.

Dated: June 5, 2026              Respectfully submitted,

                                 Adam R.F. Gustafson
                                 Principal Deputy Assistant Attorney General

                                 ***/s/ Mark Widerschein***
                                 Mark Widerschein, Trial Attorney
                                 Katharine Laubach, Trial Attorney
                                 Natural Resources Section
                                 Environment & Natural Resources Division
                                 United States Department of Justice
                                 P.O. Box 7611
                                 Washington, D.C. 20044-7611
                                 Mark.Widerschein@usdoj.gov
                                 Katharine.Laubach@usdoj.gov
                                 *Counsel for Defendants*

6

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was made through the Court's electronic filing and notice system (CM/ECF).

Dated: June 5, 2026

*/s/ Mark J. Widerschein*
Mark Widerschein