**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAMES SCOTT BOYD,

     Plaintiff,

v.                                                                                    No. 2:25-cv-0964 JB/DLM

UNITED STATES OF AMERICA, et al.,

     Defendants.

## <u>ORDER</u>

**THIS MATTER** is before the Court on Plaintiff James Scott Boyd's Rule 16(c) Motion for Prescheduling Case-Management Order Identifying Controlling Jurisdictional Precedent and Requiring any Jurisdictional Challenge to be Identified before Dispositive or Merits Motions. (Doc. 32.) Defendants United States of America, United States Department of the Interior, and United States Department of Justice (collectively the "Federal Defendants") oppose Plaintiff's motion. (Doc. 33.) In addition, Defendant Elephant Butte Irrigation District ("Elephant Butte") filed a response opposing Plaintiff's motion. (Doc. 34.)[1] Plaintiff filed a reply, and the motion is fully briefed. After review and consideration of the filings, the Court **denies** Plaintiff's motion.

Plaintiff asserts that he brings his motion pursuant to Federal Rule of Civil Procedure 16(c). (Doc. 32 at 2.) He further states that he "does not seek an advisory opinion, does not ask the Court to resolve disputed facts, and does not seek to preclude Defendants from raising defenses." (*Id.*) Plaintiff, however, states that he wants "a pre-scheduling case-management order that (1) identifies the jurisdictional authorities on which the Complaint relies, and (2) requires Defendants—before

---

[1] The Court notes that although Defendants State of New Mexico and the New Mexico Office of the State Engineer (collectively, the "State Defendants") filed a joinder to the Federal Defendants' Motion to Dismiss (Doc. 53), they did not file or join a response to the present motion.

filing any dispositive or merits-based motion—to identify any constitutional, statutory, or judicial authority they contend negates or displaces those jurisdictional foundations." (*Id.*)

Defendants argue that Plaintiff's motion is improper because (1) Plaintiff failed to confer prior to filing the motion; and (2) Plaintiff's motion is not authorized by the cited rule, is premature, and seeks to impose restrictions on dispositive motions in contravention of the Federal Rules of Civil Procedure. (*See* Docs. 33; 34.) Defendants are correct. Thus, the Court denies Plaintiff's motion.

Pursuant to District of New Mexico Local Rule 7.1(a), when filing a motion, a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." Here, Plaintiff did not contact any of Defendants' counsel of record and did not set forth a recitation of whether the motion was opposed. Thus, the motion could be summarily denied on this basis. Nevertheless, Defendants contend that had Plaintiff contacted them, they would have opposed the motion. And Defendants filed responses to Plaintiff's motion asserting why they oppose the motion. Because the parties "have already fully briefed the motion," the Court, for purposes of judicial economy, will resolve the motion. *See Patrick Indus., Inc. v. Cont'l Cas. Co.*, No. 1:25-cv-0813 KG/LF, 2026 WL 184536, at *2 (D.N.M. Jan. 23, 2026) (citation omitted).

Plaintiff relies on Federal Rule of Civil Procedure 16(c) to support his motion. This rule, however, does not authorize his motion. Instead, it governs "attendance and matters for consideration at a pretrial conference." Fed. R. Civ. P. 16(c). In this case, the Court has not set a Rule 16(c) conference, and the case has not progressed to a stage where such a conference would be appropriate. When Plaintiff filed the motion, service had not yet been completed on all Defendants, and the Court later issued Orders to Show Cause directing Plaintiff to perfect service

2

or show good cause for any failure to do so. (*See* Docs. 37; 43.) Nor would it have been appropriate for the Court to proceed to Rule 26(f) activities or a Rule 16 scheduling process at that time, as Rule 26(f) requires the parties to meet and confer before a scheduling conference is held or a scheduling order is due. *See* Fed. R. Civ. P. 26(f)(1) (requiring that a conference be held "at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)"); D.N.M.L.R-Civ. 16.1 (stating that following the Fed. R. Civ. P. 26(f) conference, the parties must complete a joint status report and then "the Court will enter a scheduling order setting all pre-trial case management deadlines."); *see also Enriquez v. Dona Ana Cnty. Det. Ctr.*, No. 1:24-cv-0805 DHU/JFR, 2025 WL 605011, at *3 (D.N.M. Feb. 25, 2025) (denying motion for pretrial conference as premature where service was incomplete and scheduling had not begun). Because the Court has not yet issued an Initial Scheduling Order and the Rule 26(f) meeting and Joint Status Report process has not yet begun, the Court has not set a Rule 16(b) scheduling conference. A Rule 16(c) pretrial conference—which occurs only after these preliminary steps and typically after discovery has commenced—would therefore be premature. A motion to dismiss is also currently pending. (*See* Docs. 52–54.) Accordingly, Plaintiff's motion is premature and improper.

Furthermore, it appears that Plaintiff actually seeks an advisory or preemptive ruling because he states that he wants the Court to "require[] Defendants—before filing any dispositive or merits-based motion—to identify any constitutional, statutory, or judicial authority they contend negates or displaces [Plaintiff's] jurisdictional foundations." (Doc. 32 at 2.) Plaintiff has no basis for such a request. Federal Rule of Civil Procedure 12 allows a party to assert certain defenses by motion before a responsive pleading is filed. *See* Fed. R. Civ. P. 12(b) (setting forth defenses that a party may assert by motion before a responsive pleading is filed). There are no preconditions

3

prior to the filing of such motions. Furthermore, subject matter jurisdiction is relevant throughout the case, and a party can assert the defense at any time. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(1); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting that even if the party previously acknowledged subject matter jurisdiction, the defense of subject matter jurisdiction may be raised at any time). Accordingly, Plaintiff's request is improper.

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 16(c) Motion for Prescheduling Case-Management Order Identifying Controlling Jurisdictional Precedent and Requiring any Jurisdictional Challenge to be Identified before Dispositive or Merits Motions (Doc. 32) is **DENIED**.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

4